STATE of Iowa, Appellee,

v.

John Benny HARRIS, Appellant.

No. 59660.

Supreme Court of Iowa.

March 16, 1977.

Carol A. Turner, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of a condition of probation imposed in a sentence on a charge of robbery with aggravation contrary to § 711.2, Code 1975.

The Black Hawk County Attorney charged defendant John Benny Harris with robbery with aggravation. Defendant pleaded guilty. Section 711.2 of the Code provides that for such an offense the defendant "shall be imprisoned in the penitentiary for a term of twenty-five years." Section 789A.1 of the Code provides, "The trial court may, upon a plea of guilty . . . exercise either of the options contained in subsections 1 and 2," except in certain cases not involved here. Subsection 1 deals with deferred sentences which likewise are not involved here. Subsection 2 states, "By record entry at time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require."

The district court elected to proceed under subsection 2 in this case and imposed a sentence which states in part: "IT IS ORDERED AND ADJUDGED BY THE COURT that . . . the defendant is sentenced . . . to be imprisoned in the (Men's Reformatory at Anamosa, Iowa) 25 years, sentence suspended and defendant placed on probation to [Department of Court Services] for not less than 5 years. *Defendant shall serve 1 year in the Black Hawk county jail without work release privileges as a part of probation and rehabilitation.*" (Italics added.)

Defendant appealed, asking us "to set aside the sentence handed down by the trial court and to remand the same to the District Court for further proceedings, since the trial court did not have authority to impose confinement in the county jail for one year as a part of probation and rehabilitation."

Defendant's contention is correct. Granting probation and imposing confinement constitute a contradiction. If the accused is to be confined, the confinement should be such as the legislature has deemed appropriate for the crime as provided in the criminal statute itself. A legislature may, of course, authorize confinement in a probation statute, but then the legislature has in effect authorized lesser punishment than

the regular punishment for the crime, in the event of probation. See special provision in § 356.47, Code 1975, and 18 U.S.C.A. § 3651 ("may . . . provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation"). In the absence of such a statutory provision, and § 789A.1(2) contains none, confinement is not an authorized condition of probation. *State v. Van Meter,* 7 Ariz. App. 422, 440 P.2d 58; *People v. Ledford,* 177 Colo. 194, 477 P.2d 374; *Franklin v. State,* 87 Idaho 291, 392 P.2d 552; *People v. Robinson,* 253 Mich. 507, 235 N.W. 236. Cf. 66 G.A., S.F. 85, § 702(2) at p. 215, § 705 at p. 216, § 709 at p. 219.

We note that the present case does not involve a situation where the defendant is granted probation after he has served part of the sentence—for example, where the punishment provided by statute is confinement in jail, the court sentences the defendant to confinement in jail, and after the defendant has served part of the confinement the court orders probation. Compare § 789A.1(2) ("By record entry at time of *or after* sentencing, the court may suspend the sentence" etc.—italics added), with §§ 247.-5, 247.7. The present case does not require us to rule on the propriety of such an order.

We return this present case to district court for re-sentencing as though no sentence had been passed. *State v. Deets,* 217 N.W.2d 639 (Iowa).

REVERSED AND REMANDED.