STATE of Iowa, Appellant,

v.

Matthew (NMN) TENSLEY, Appellee.

No. 68924.

Supreme Court of Iowa.

June 15, 1983.

Thomas J. Miller, Atty. Gen., and Shirley Ann Steffe, Asst. Atty. Gen., for appellant.

Catherine P. Alexander, of Newport & Buzzell, Davenport, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON, and CARTER, JJ.

CARTER, Justice.

The State was granted discretionary review to challenge the sentence imposed upon defendant Matthew Tensley following his conviction of second-degree burglary. Because we conclude that the State's challenge is meritorious, we vacate the sentence and remand for resentencing.

The record shows that defendant pleaded guilty to second-degree burglary in violation of Iowa Code section 713.3 (1979). He was subsequently sentenced to an indeterminate ten-year term, but the trial court suspended the sentence and ordered defendant to serve 180 days in the Scott County jail as a condition of probation.

■ On appeal, the State urges that the sentence imposed by the trial court was illegal. The theory which it advances in support of this claim is that (a) under our holding in *State v. Harris,* 251 N.W.2d 483, 484 (Iowa 1977), granting probation and imposing confinement are mutually exclusive, except where expressly authorized by statute; and (b) to the extent that a split sentence of probation and confinement is now authorized by our present sentencing code such authorization does not permit confinement in a county jail. We agree with both of the foregoing contentions.

The trial court relied on Iowa Code section 907.3(2) (1979) as authority for the sentence imposed in the present case. That statute, which was enacted following our decision in *Harris,* provides as follows:

By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility for a specific number of days to be followed by a term of probation as specified in section 907.7. A person so committed

who has probation revoked shall be given credit for such time served.

Noticeably absent from the language of the statute is any authorization for commitment to a county jail as a term or condition of probation. The two types of facilities to which such commitment is permitted under the statute are "an alternate jail facility" and "a community correctional residential treatment facility." We stated in *Trecker v. State,* 320 N.W.2d 594, 596 (Iowa 1982) in interpreting section 907.3(2) that "neither of these facilities may be construed to mean merely the equivalent of a jail." Based upon our holding in *Harris* and the limitations which inhere in section 907.3(2), we hold that the sentence which the trial court imposed is not authorized by law.

■ Subsequent to the granting of discretionary review in the present case, the trial court attempted to resentence the defendant. Defendant contends that this action renders this appeal moot. The State responds by urging that the granting of discretionary review divested the trial court of power to amend the sentence while this appeal is pending. Although Iowa Rule of Criminal Procedure 23(5)(a) provides "the court may correct an illegal sentence at any time," we believe that a grant of discretionary review by this court in order to consider the validity of a particular sentence should preclude any change in the sentence by the district court pending appeal. In those cases where there is a confession of error by the appellee, permission may be sought from the appellate court for an order of remand to permit correction of the sentence in the district court. Because no remand has been ordered in the present case, we hold the trial court's act in resentencing the defendant is of no force or effect. For the reasons we have stated, the sentence imposed is vacated and the cause remanded for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.