STATE of Iowa, Appellee,

v.

Jerald C. STEUK, Appellant.

No. 84–597.

Supreme Court of Iowa.

May 22, 1985.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., Robert J. Belson, Co. Atty., and Lorrie B. Benson, Asst. Co. Atty., for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

Defendant Jerald C. Steuk was convicted by jury and sentenced for operating a motor vehicle while under the influence of alcohol (OWI), second offense, in violation of Iowa Code section 321.281 (1981). He contends he was given an unlawful sentence. Because we find that the sentence was authorized under the applicable statutes, we affirm the trial court.

A jury convicted defendant of second offense OWI. The trial court sentenced him to the Ida County jail for a period of one year, suspended all but sixty days of the sentence, and placed defendant on probation for two years commencing after the sixty day period of incarceration. Defendant contends this was an illegal "split sentence" of incarceration and probation and also exceeded the maximum period of permissible punishment for the offense.

I. *The split sentence.* The second OWI offense allegedly occurred in January 1982. Defendant's conviction occurred in March 1984, and he was sentenced in April 1984. Certain of the applicable sentencing statutes have been amended since the date of the offense. In deciding the questions in this case, we will give defendant the benefit of the ameliorative changes that occurred between the date of his offense and the date of sentencing. *See State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972).

Section 321.281, as of the date of sentencing, provided that second offense OWI is an aggravated misdemeanor, for which an offender is to be "imprisoned in the county jail or community-based correctional facility not less than seven days...." *See* Iowa Code § 321.281(2)(b) (1983). Section 903.1(2), as amended in 1983, provided:

When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years, or a fine not to exceed five thousand dollars, or both. When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term.

Iowa Code § 903.1(2) (1983 Supp.).

At all material times, Iowa Code section 356.47 provided:

A judge who sentences a person to the county jail or other detention facility pursuant to this chapter, may suspend any part of such sentence and place such person on probation, upon such terms and conditions as the sentencing judge may direct, after such person has served that part of his sentence which was not suspended.

In *State v. Erickson*, 362 N.W.2d 528, 534 (Iowa 1985), we held that section 903.-1(2) permits a judge to give a person a determinate sentence of one year or less, that section 903.4 provides the confinement on such a sentence is to be in a place furnished by the county, and that section 356.47 allows the judge to select a county jail as the place of confinement, pronounce a sentence of incarceration, suspend any part of the sentence, and place the person on probation. The *Erickson* holding is controlling here. In contending otherwise, defendant relies on *State v. Tensley*, 334 N.W.2d 764, 764–65 (Iowa 1983), and *State v. Harris*, 251 N.W.2d 483, 483 (Iowa 1977).

As we pointed out in *Erickson*, the *Tensley* case involved a question of the court's authority under Iowa Code section 907.3(2) to impose a county jail sentence as a condition of probation after a felony conviction. 362 N.W.2d at 534. The court in *Tensley* held that the convicted person could be committed only to one of the two facilities specified in section 907.3(2). *See* 334 N.W.2d at 765. Like *Erickson*, the present

case does not depend on a sentencing court's authority under that provision.

■ Moreover, the *Harris* case merely holds that split sentences of confinement and probation are not permitted except when authorized by statute. *See* 251 N.W.2d at 483–84. The court specifically pointed to section 356.47 as an example of the requisite statutory authority. *Id.* at 484. Because section 356.47 applies in the present case, the trial court thus had statutory authority to impose a split sentence.

In so holding we refuse to interpret section 356.47 as preventing the court from ordering suspension of sentence and probation until after the person has actually been incarcerated. We believe the word "after" in the provision refers to the point at which probation begins rather than the point at which the suspension decision must be made. We also agree with the State that the court's authority under section 356.47 is not lost when the court fails to cite the provision in pronouncing sentence.

The trial court did not act unlawfully in giving defendant a split sentence.

■ II. *Length of probation.* Defendant separately contends that the cumulative duration of incarceration and probation in a split sentence cannot exceed the period of maximum incarceration. Thus he argues that the duration of his incarceration and probation should have been limited to two years because the maximum incarceration for an aggravated misdemeanor may not exceed two years. *See* Iowa Code 903.-1(2).

Confinement and probation are distinct elements in a sentence. In specifying the maximum duration of incarceration, section 903.1(2) does not control the maximum duration of probation. Length of probation is governed by section 907.7. Under that provision the length of probation on a misdemeanor offense may not exceed two years. *See* 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 1731 at 377 (1979). Therefore the trial court had authority to order defendant

placed on two years' probation in the present case.

We reject defendant's challenge to his sentence.

AFFIRMED.