STATE of Iowa, Appellee,

v.

Russell W. SHIELD, Appellant.

No. 84–112.

Supreme Court of Iowa.

May 22, 1985.

Douglas E. Johnston, Muscatine, for appellant.

Thomas J. Miller, Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

Defendant Russell W. Shield was convicted upon his guilty plea and sentenced for carrying a concealed weapon in violation of Iowa Code section 724.4 (1981). He alleged on appeal that the trial court abused its discretion in two respects in sentencing him. The court of appeals found merit in his allegation that it was impermissible for the court to lengthen his sentence before granting him work release. Because we disagree, we vacate the decision of the court of appeals and affirm the district court.

Carrying a concealed weapon is an aggravated misdemeanor. § 724.4. Defendant was therefore subject to a maximum sentence of imprisonment not to exceed two years, and a fine not to exceed five thousand dollars, or both. Iowa Code § 903.1(2) (Supp.1983). A determinate sentence for a period of one year or less was possible. *Id.; State v. Erickson*, 362 N.W.2d 528, 534 (Iowa 1985). Pursuant to that option, the sentencing court was also authorized to sentence defendant to a period in the county jail, suspend part of the sentence, and place defendant on probation. *See* § 356.47; *Erickson*, 362 N.W.2d at 534.

The trial court originally sentenced defendant to serve 120 days in the county jail, suspended all but thirty days of that term, placed defendant on probation for two years, and fined him $500. When defendant heard the sentence he immediately re-

quested that he be given work release pursuant to section 356.26(1). *See* Iowa Code § 903.3 (Supp.1983). Among other provisions, section 356.26 authorizes the district court to grant a person sentenced to a county jail the privilege of leaving the jail "at necessary and reasonable hours" to work at the person's employment. Unless the court expressly grants the privilege at or after sentencing, the prisoner remains in ordinary confinement. § 356.27.

When the defendant requested work release, the court said that if it were to grant work release defendant would have to serve a longer term in jail. The court offered defendant this choice:

> THE COURT: How about double, like 60 instead of 30? If you would prefer that, I will do both.... Work release is about half the time in jail. It is a lot different than doing straight time.

> . . . . .

> DEFENDANT: Yes, your honor, I would rather be able to hang on to my job, because it is an important job, and it is something that will be there when I get out of the 60 days, if I am allowed work release.

In accordance with this discussion, the court increased defendant's term in jail to sixty days and granted his request for work release.

Defendant contended on appeal that it was unlawful for the court to lengthen his sentence as a condition for granting work release. The court of appeals agreed. It modified defendant's sentence by reducing the period of incarceration to thirty days and ordered the case remanded to permit the trial court to consider the request for work release anew. We granted the State's application for further review of the court of appeals decision.

The parties agree that the trial court had authority to increase defendant's sentence. A court has discretion to reconsider and change a misdemeanor sentence of confinement for thirty days from the date the person begins to serve the sentence. § 903.2. In the present case the change was made during the original sentencing proceeding. The parties also agree that the decision to grant work release is discretionary with the sentencing court.

■ The disagreement between the parties concerns the trial court's authority to consider work release as a factor in determining the length of the sentence. In agreeing with defendant that the court erred in lengthening defendant's period of confinement as a condition to granting work release, the court of appeals reasoned that the legislature has not expressly connected the granting of work release to the length of sentence. This reasoning would deny a sentencing court the right to determine the length of a sentence based in part on the court's separate power to decide certain conditions of confinement. It overlooks the fact that work release is a privilege that may be granted or withheld in the discretion of the court upon considerations similar to those that govern sentencing generally. The work release issue is a natural concomitant of the sentencing decision.

■ The overriding objective of the sentencing decision is to determine which sentencing option, in the discretion of the sentencing court, "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." § 901.5. It is apparent that the greater the need for confinement of the defendant the less appropriate are privileges such as work release. Although work release serves a number of laudable rehabilitative and other public purposes, it also plainly mitigates the severity of a sentence of confinement. It is therefore reasonable for a sentencing judge to consider the duration of confinement before granting work release.

■ As acknowledged by the court of appeals, this case is unlike *State v. Remmers*, 259 N.W.2d 779 (Iowa 1977), where this court disapproved the lengthening of a maximum indeterminate sentence in the hope of causing the board of parole to extend the minimum period of a defend-

ant's confinement. The parole decision is the exclusive prerogative of the board of parole. In the present situation, sentencing and work release are judicial decisions. The situation is not changed by the fact that the decisions might be made by different judges or at different times. *See* §§ 356.27 and 356.33. Nor is it changed by the possibility that a work release application might be made too late for the court to increase the length of confinement. In all cases the appropriateness of work release is a decision that the district court has the discretion to make. In making its decision the court should consider all relevant factors, including the length of the prisoner's confinement.

 If as in this case the court believes the purposes of confinement would be frustrated by work release unless the period of confinement were longer, it is not unlawful for the court to exercise its power to lengthen the sentence as a condition for granting work release. If the court had lost its power to change the sentence, the same considerations would support an exercise of discretion to deny work release.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT AFFIRMED.