STATE of Iowa, Plaintiff–Appellee,

v.

Weston Scott DAILEY, Defendant–
Appellant.

No. 09–0054.

Court of Appeals of Iowa.

Aug. 19, 2009.

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Steve Johnson, County Attorney, and Susan Wendel, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.

DOYLE, J.

Weston Scott Dailey appeals the sentence imposed following his plea of guilty to operating while intoxicated (OWI) first offense in violation of Iowa Code section 321J.2(2)(a) (2007). We vacate the sentence and remand for resentencing.

### I. Background Facts and Proceedings.

Dailey was arrested for OWI on October 4, 2008, after driving his car into a ditch on a gravel road. When police officers came upon Dailey trying to drive his car out of the ditch, they discovered an opened case of beer on the passenger seat next to him. Dailey submitted to a preliminary breath test at the scene, which indicated an alcohol concentration of .134. He later refused to provide a sample for chemical testing at the police station.

The State charged Dailey by trial information with OWI first offense [1] in violation of Iowa Code section 321J.2(2)(a). Dailey filed a written plea of guilty on November 26, 2008. He was subsequently sentenced to serve 180 days in jail, with all but ninety-seven days suspended. The district court ordered him to serve seven days of the sentence immediately. The remaining ninety days were to be served in staggered thirty-day increments,[2] as detailed in a separate "Staggered Sentence Order."

That order provided that one month prior to each thirty-day period, Dailey was "expected to file a Motion for Post Judgment Review Hearing," which was to include

> letters from employers, AA/NA sponsors, counselors, concerned family members, friends, and /or coworkers. The motion should include a copy of records from all electronic monitoring, and a copy of records of AA/NA attendance. The motion should include a copy of the certificate from DUI classes and from substance abuse treatment.

The order further provided that upon receipt of such a motion, the court "may schedule a hearing to decide if the next installment of the staggered jail sentence should be executed and served. Without a motion and a court order, the defendant must report to jail on schedule." Dailey was also placed on probation for two years from the date of the sentencing order.

Dailey appeals. He claims the staggered sentence imposed by the district court is illegal.

### II. Scope and Standards of Review.

■ "An illegal sentence is one that is not permitted by statute." *State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007). Therefore, we must examine the sentence to determine whether it complies with the relevant statutes. *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008). Our review is consequently for correction of errors at law. *Id.*

### III. Discussion.

■ In an effort to curb the high rate of

---

1. The record indicates, however, that Dailey had received a deferred judgment in August 2004 for a prior OWI conviction. He thus could have been charged with OWI second offense pursuant to section 321J.4(b).

2. The first thirty-day period was to begin on June 10, 2009, the second on December 10, 2009, and the third on June 10, 2010.

OWI recidivism,[3] several years ago a district court judge in Minnesota developed the "staggered sentencing" model utilized by the district court in this case. Under that model,

> the offender's sentence [is split] into three equal installments, each separated by lengthy periods of probation. Although the offender is incarcerated immediately, serving the first installment of his sentence in jail, the offender is empowered to make this first installment in jail his last. During the probation period following this first installment, but prior to the second installment of his sentence, the offender is required to completely abstain from alcohol, rehabilitating and treating any alcohol addiction. If the offender is successful in satisfying these and any other conditions of his probation, he may file with the court a motion seeking the suspension of the second installment of his sentence.... If the offender violates the conditions of his probation, the judge immediately responds by sending the offender to jail to serve out the remainder of his entire sentence. The DUI offender is thus motivated to avoid the unpleasantness of incarceration by effectively treating an alcohol abuse problem and by making lasting lifestyle changes.

Jennifer L. Tampoya, *What Works, What Doesn't: Revising DUI Laws in West Virginia to Reduce Recidivism and Save Lives*, 111 W. Va. L. Rev. 283, 306 (2008) [hereinafter Tampoya] (footnotes omitted). The "true innovation" of this program is that it gives the offender "responsibility for altering the course of the future consequences," thus addressing the "key to eliminating recidivism rates": treatment of the underlying chemical dependency problems many repeat OWI offenders suffer.[4] *Angela Carlisle, Staggered Sentencing for Repeat DWI Offenders: A New Weapon in the War Against Drunk Driving*, 25 Hamline J. Pub. L. & Pol'y 87, 97, 101–02 (2003) [hereinafter Carlisle].

Since implementing the staggered sentencing model, Minnesota has experienced some early success in reducing OWI recidivism and decreasing correctional costs.[5]

3. The National Highway Traffic Safety Administration (NHTSA) estimates that approximately one-third of all drivers arrested or convicted of OWI have previous OWI convictions. NHTSA, *Strategies for Addressing the DWI Offender: 10 Promising Sentencing Practices* 5 (William Brunson & Pat Knighten eds. 2005) [hereinafter Brunson & Knighten]. Studies have shown that the more OWI convictions an individual has, the greater the likelihood that individual will reoffend. *Id.*

4. Up to ninety-eight percent of OWI offenders have "alcohol abuse problems." Tampoya, 111 W. Va. L Rev. at 299. Because drunk drivers do not fit the prototypical criminal mode, "[s]topping repeat [OWI] offenders with traditional sanctions appears to be unlikely." Brunson & Knighten at 7. In fact, "several studies have indicated no reduction in recidivism rates from jail sentences.... [A]t least one study has even suggested that long periods of incarceration were linked with higher recidivism rates." Angela Carlisle, *Staggered Sentencing for Repeat DWI Offenders: A New Weapon in the War Against Drunk Driving*, 25 Hamline J. Pub. L. & Pol'y 87, 97, 101–02 (2003). The problem with traditional retributive sanctions is that they "do not sufficiently attack the root of the problem of repeat drunk drivers, which is a chemical dependency problem." *Id.* at 96. Innovative sanctions, such as staggered sentencing, are accordingly needed to address the problem of repeat OWI offenders. Brunson & Knighten at 8.

5. According to an analysis of the first sixty-one offenders given staggered sentences in Minnesota, those offenders "have experienced 49.9% less [OWI] recidivism than would otherwise be expected based on statewide recidivism rates for comparable [OWI] offenders in the same time frame." Carlisle, 25 Hamline J. Pub. L. & Pol'y at 108. The staggered sentencing model in Minnesota has also re-

As a result, the state's legislature codified the staggered sentencing scheme in 2003. See Brunson & Knighten, at 19 (citing Minn.Stat. § 169A.275.) Minnesota has thus never been confronted with the question presented to us here: whether staggered sentencing is authorized by statute. *See Maxwell,* 743 N.W.2d at 190 ("We consider a sentence void if a statute does not authorize it."). Dailey claims his sentence does not comply with our state's relevant sentencing statutes and is thus illegal. We agree, although not for the reasons urged by him on appeal.

Dailey first argues none of the sentencing statutes applicable to a conviction for OWI first offense expressly authorize the staggered sentence imposed by the district court. *See* Iowa Code §§ 321J.2(2) (specific sentencing provisions for OWI offenders); 903.1 (maximum sentence for misdemeanants); 901.5 (general criminal sentencing provisions). While that may be true, none of those statutes foreclose such a sentence. *Id.; see also State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979) (stating the legislature "has demonstrated its ability" in other statutes "to express its intent to eliminate sentencing options"). And, in fact, section 321J.2(3)(d) contemplates a similar type of split sentencing in certain instances. *See* Iowa Code § 321J.2(3)(d) (authorizing sentencing court to "order the person to serve the minimum term in segments of at least forty-eight hours" where the court "finds that service of the full minimum term on consecutive days would work an undue hardship on the person"); *see also id.* § 356.26 (permitting "intermittent sentencing" whereby the district court may allow persons sentenced to county jail to leave jail for certain purposes, such as work, school, or medical treatment).

In addition, section 901.5 vests the district court with broad discretion in imposing sentences within statutory limits in order to "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendants and others." *See State v. Nail,* 743 N.W.2d 535, 544 (Iowa 2007) (recognizing the wide discretion afforded to a sentencing court under section 901.5, which must be read *in pari materia* with other sentencing provisions found elsewhere in the code); *accord Hildebrand,* 280 N.W.2d at 396 ("The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual."). For the foregoing reasons, we find Dailey's initial argument unavailing, as is his next argument that the sentencing scheme imposed by the court "is contrary to the legislative intent that sentences be continuous."

In support of that argument, Dailey cites Iowa Code section 901.8, which provides that "if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." But, as the State points out, that statute applies to multiple sentences for multiple offenses. *See* Iowa Code § 901.8 ("If a person is sentenced *for two or more separate offenses,* the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." (emphasis added)). Dailey was convicted and sentenced for only one offense; thus, section 901.8 is not applicable here. This brings us to Dailey's next complaint: that the "district court has taken a

sulted in "considerably less jail time for most of the offenders, who successfully move to have the court grant forgiveness of subsequent segments," thus producing "jail cost savings as well." *Id.* at 109.

one-year offense and stretched it out over a year and a half," which "is longer than the maximum one-year sentence authorized by section 903.1(1)(b)."

Section 903.1(1)(b) provides that the maximum incarceration period for a serious misdemeanor may not exceed one year. Dailey was sentenced to 180 days in jail, with all but ninety-seven days suspended. His term of imprisonment is thus well within the maximum allowable incarceration time set forth in section 903.1(1)(b) even though he may not finish serving his sentence until more than one year has passed. Nothing in that provision requires that the sentence imposed on an offender must be served within a one-year period as Dailey seems to suggest. *See, e.g., State v. Hawkeye Bail Bonds, Surety,* 565 N.W.2d 615, 617 (Iowa 1997) (holding courts may delay issuance of mittimus and execution of sentence when incident to administration of justice); *Merchant v. State,* 374 N.W.2d 245, 247 (Iowa 1985) (finding remaining portion of defendant's state sentence could be served after completion of federal sentence); *State v. Steuk,* 368 N.W.2d 171, 172 (Iowa 1985) (rejecting defendant's argument that cumulative duration of incarceration and probation cannot exceed the period of maximum incarceration). We therefore reject this argument as well.

■ Dailey next argues "the judicial reconsideration set up by the district court" preceding the staggered thirty-day confinement periods "lacks authorization because the court is without jurisdiction to reconsider the sentence imposed." In support of his argument, Dailey relies on Iowa Code section 903.2, which provides,

> For a period of thirty days from the date when a person convicted of a misdemeanor begins to serve a sentence of confinement, the court may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.

He accordingly asserts that the district court "only has authority to reconsider the sentence for a misdemeanor for 30 days from the date the person is convicted and starts to serve his sentence."

However, in interpreting section 903.2, our supreme court stated "[i]t is only necessary that the court's order indicating its intention to reconsider the sentence be filed within thirty days of the commencement of the defendant's sentence; *the actual hearing and reconsideration may occur later." Hewitt v. Iowa Dist. Ct.,* 538 N.W.2d 291, 292 (Iowa 1995) (emphasis added). The district court's order indicating its intention to reconsider Dailey's sentence was entered the same day Dailey was sentenced and ordered to serve the immediate seven-day portion of his sentence. Dailey's argument is thus without merit.

■ Dailey finally argues that because he was sentenced to two years' probation under the supervision of the department of correctional services, "[t]here is no need for the *additional* direct supervision by the district court." While we do not necessarily agree with that contention,[6] we

---

6. Direct judicial supervision of defendants occurs regularly in our state's drug court programs, which are comprised of

   local coalitions of judges, prosecutors, attorneys, substance abuse treatment professionals, probation officers, community-based service organizations, law enforcement officials, and others who use the coercive power of the court to force abstinence from drugs and alter behavior of substance-abusing offenders through the integration of substance abuse treatment, sanctions, and incentives with case processing and the placement of nonviolent drug-involved de-

cannot ignore the fact, even though it was not raised by Dailey, that the probationary portion of the court's order violates Iowa Code section 356.47.[7]

That provision provides,

A judge who sentences a person to the county jail ... may suspend any part of such sentence and place such person on probation, upon such terms and conditions as the sentencing judge may direct, *after such person has served that part of the person's sentence which was not suspended.*

Iowa Code § 356.47 (emphasis added). Our supreme court has approved split sentences of incarceration and probation under this provision where the probation begins after the term of incarceration has been served. *See Steuk,* 368 N.W.2d at 172; *State v. Erickson,* 362 N.W.2d 528, 534 (Iowa 1985); *but see State v. Tensley,* 334 N.W.2d 764, 765 (Iowa 1983) (holding sentence was illegal where district court ordered defendant to serve time in jail as a condition of probation); *accord State v. Harris,* 251 N.W.2d 483, 484 (Iowa 1977).

In this case, the district court placed Dailey on two years' probation "from the date of [its sentencing] order." The court also ordered him to serve periods of incarceration within that two-year period. Though the court did not make Dailey's jail time a condition of his probation as disapproved by our supreme court in *Tensley* and *Harris,* Dailey was sentenced to simultaneous incarceration and probation.

Such a sentence does not appear to be permitted under section 356.47, which specifies that a person may not be placed on probation until *after* incarceration. *See State v. Stephenson,* 608 N.W.2d 778, 784 (Iowa 2000) ("[P]robation is to be served in lieu of, not in addition to, incarceration."); *Tensley,* 334 N.W.2d at 764 ("[G]ranting probation and imposing confinement are mutually exclusive, except where expressly authorized by statute."). We accordingly find Dailey's sentence is void and must be vacated.

### IV. Conclusion.

Although we do not wish to discourage district courts from developing innovative sentences that "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others," Iowa Code § 901.5, such sentences must be within statutory limits. Because the staggered sentence imposed by the court included a concomitant term of probation not authorized by Iowa Code section 356.47, we conclude it was illegal. We therefore vacate the sentence and remand for resentencing.

**SENTENCE VACATED AND RE-MANDED FOR RESENTENCING.**

---

fendants in judicially supervised visitation programs.
*State v. Thomas,* 659 N.W.2d 217, 218 n. 1 (Iowa 2003) (citation and quotation omitted). A similar philosophy underlies the staggered sentencing system. *See generally* Carlisle, 25 Hamline J. Pub. L. & Pol'y at 96–103; *Tampoya,* 111 W. Va. L Rev. at 305–08; Brunson & Knighten at 19–21.

**7.** Because Dailey was sentenced to less than one year of incarceration, Iowa Code section 903.4 requires that he be confined in a county jail. *See also* Iowa Code § 321J.2(2)(a), (b) (mandating "[i]mprisonment in the county jail for not less than forty-eight hours" for OWI first offense and imprisonment in "county jail or community-based correctional facility" for not less than seven days for OWI second offense). The dictates of Iowa Code chapter 356 governing jails and municipal holding facilities are thus applicable here.