# IN THE COURT OF APPEALS OF IOWA

No. 17-0084
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT ANTHONY FRANZEN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        A defendant challenges his sentence for sexual abuse in the third degree.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

After accepting Scott Franzen's pleas of guilty to two counts of sexual abuse against a fourteen-year-old girl, the district court imposed ten-year consecutive sentences—for a total prison term not to exceed twenty years. Franzen appeals, contending the district court abused its sentencing discretion. Because the record reveals nothing unreasonable about the chosen sentence, we affirm.

Between March and April 2015, Franzen—at age thiry-eight—committed sex acts with a minor, named in our record as Jane Doe. As a result of Franzen's acts, Doe became pregnant. The State charged Franzen with three counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1) (2015). He pleaded guilty to two counts—count I, in violation of section 709.4(1)(a),[1] was a forcible felony, and count II, in violation of section 709.4(1)(b)(3)(d),[2] was not. *See* Iowa Code § 702.11. At sentencing, the parties debated whether the court should order a prison sentence for count II and, if so, whether it should run concurrently or consecutively to the mandatory sentence on count I.

After considering the arguments, as well as the presentence investigation (PSI) report, the district court imposed indeterminate ten-year sentences for both

---

[1] Iowa Code section 709.4(1)(a) provides: "A person commits sexual abuse in the third degree when the person performs a sex act" and "[t]he act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person."

[2] Iowa Code section 709.4(1)(b)(3)(d) provides: "A person commits sexual abuse in the third degree when the person performs a sex act" and:
        b. The act is between persons who are not at the time cohabiting as husband and wife and . . .
        (3) The other person is fourteen or fifteen years of age and . . .
        (d) The person is four or more years older than the other person.

counts, running them consecutively because of the damages Franzen's actions caused "not just to the fourteen-year-old victim but to everyone associated with this case. This wasn't an isolated incident." The court noted the offenses resulted in "the pregnancy of a very young girl, resulting in a birth. She gave up a child for adoption. I do take all of these things into consideration." The district court also imposed, but suspended, the fines "during [Franzen's] period of good behavior following [his] release from prison." In addition, the court imposed the "special sentence" of lifetime parole under Iowa Code section 903B.1. Franzen now appeals.

We review Franzen's sentence for correction of legal error and will not reverse unless we find an abuse of discretion or a defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because his sentence was within the statutory limits, we entertain a presumption in its favor. *See id.* A district court abuses its discretion when it chooses a sentence on untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The grounds are untenable when they are "not supported by substantial evidence" or are "based on an erroneous application of the law." *Id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

Franzen first argues the district court misperceived the sentencing options available for count II, third-degree sexual abuse under section 709.4(1)(b)(3)(d). This sexual-abuse alternative is commonly referred to as statutory rape, *see State v. Oliver*, 812 N.W.2d 636, 651 (Iowa 2012), and is exempted from the list of forcible felonies under Iowa Code section 702.11(2)(c). Because statutory

rape is not a forcible felony, the district court was not limited to imposing incarceration for that offense. *See* Iowa Code § 907.3.

The plea and sentencing transcripts undercut Franzen's argument. The discussion between the parties and the district court shows an understanding that only count I, third-degree sexual abuse, in violation of section 709.4(1)(a), was a forcible felony requiring incarceration. For instance, in its sentencing recommendation, the prosecution said: "The State is asking that the court impose prison on the second count and that you impose it consecutive with count I." The record does not suggest the district court harbored any mistaken belief that count II required imposition of a prison sentence.

Franzen next contends the sentencing court offered "several reasons for imposition of consecutive sentences, but no reasons for incarceration on count II." We find no merit in Franzen's contention. The sentencing court noted the PSI drafter recommended concurrent sentences because of Franzen's low risk of re-offending, but the court found concurrent sentences inappropriate because of his repeated conduct and its impact on the young sex-abuse victim. The court's rationale complied with the *Hill* court's instruction to sentencing courts to explicitly state reasons for imposing consecutive sentences. 878 N.W.2d at 275. We find the sentencing court's logic behind ordering consecutive sentences suffices to show why it opted to impose a prison term on count II. *See id.* (allowing sentencing court to cite same reasons for running terms consecutively as it relies on for ordering incarceration).

Franzen advances one additional complaint concerning his sentence. He argues the district court's suspension of the fines conditioned on the offender's

"period of good behavior following [his] release from prison" had the effect of "splitting the sentence between imprisonment and probation," an option he alleges was not available under Iowa Code section 901.5.

The court's oral pronouncement concerning suspension of the fines did not result in a "split sentence" that would entitle Franzen to resentencing.[3] Our supreme court has held that "granting probation and imposing confinement are mutually exclusive, except when expressly authorized by statute." *See State v. Tensley*, 334 N.W.2d 764, 764 (Iowa 1983); *see also State v. Harris*, 251 N.W.2d 483, 483–84 (Iowa 1977). But here the district court did not grant Franzen probation. *See* Iowa Code section 907.1(5) (defining probation as "the procedure under which a defendant, against whom a judgment of conviction of a public offense has been . . . entered, is released by the court subject to supervision by a resident of this state or by the judicial district department of correctional services."). Franzen has not raised an issue meriting relief.

**AFFIRMED.**

---

[3] We do not read the defense argument as challenging the district court's authority to suspend the fine after sentencing Franzen to confinement. *See* Iowa Code § 901.5(3) ("The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907.").