# IN THE COURT OF APPEALS OF IOWA

No. 17-0048
Filed October 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LOREN PATRICK CRAMBLIT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly (guilty plea) and Robert B. Hanson (sentencing), Judges.

Defendant appeals his conviction for criminal mischief in the third degree. **AFFIRMED.**

William L. Kutmus and Trever T. Hook of Kutmus, Pennington & Hook, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Loren Cramblit appeals his conviction for criminal mischief in the third degree. We find Cramblit has not preserved error on his claim there was not a sufficient factual basis in the record to support his guilty plea. We also find Cramblit did not receive an illegal sentence. We affirm Cramblit's conviction and sentence.

## I.      Background Facts & Proceedings

According to the minutes of testimony, Cramblit rented a home from Shane O'Malley in West Des Moines. In February 2016, O'Malley went to the property and found it had been vandalized. Police officers investigated the incident and concluded Cramblit was involved in the damage to the property. Cramblit was charged with criminal mischief in the first degree.

Cramblit entered into a plea agreement in which he agreed to plead guilty to the lesser included offense of criminal mischief in the third degree, in violation of Iowa Code section 716.5 (2016), an aggravated misdemeanor. Cramblit signed a written plea agreement, which was filed on June 7, 2016. The district court accepted his plea. Before sentencing, Cramblit filed a motion in arrest of judgment, claiming his plea was not knowing and voluntary because he was not fully apprised of the consequences of his plea. The court granted the motion in arrest of judgment.

On November 10, 2016, Cramblit filed a new written guilty plea to third-degree criminal mischief. The written plea stated, "I admit I did the following: on January 27, 2016, in Polk Co., Iowa, I did intentionally deface a wall w/spray paint in a rental home in Polk Co. causing more than $500 in damage but less

than $1000." The written plea also requested the court to accept as true the minutes of testimony to further establish the factual basis for the plea. The court accepted Cramblit's plea. Cramblit was sentenced to 365 days in jail, with all but thirty days suspended, and placed on probation. Cramblit now appeals his conviction.

## II.    Guilty Plea

Cramblit claims the district court should not have accepted his guilty plea because there was not an adequate factual basis in the record for the plea. "The district court may not accept a guilty plea without first determining that the plea has a factual basis." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999); *see also* Iowa R. Crim. P. 2.8(2)(b). We review challenges to a guilty plea for the correction of errors at law. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001).

The State claims Cramblit did not preserve error on this issue because he did not file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). The written guilty plea states,

> To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing. I understand that by seeking immediate sentencing I give up this right and forever waive my right to challenge this plea and to appeal my plea.

Although Cramblit was not seeking immediate sentencing, we determine Cramblit was adequately advised "failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal." *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). In

addition to the statement in the written guilty plea, Cramblit was aware of his right to file a motion in arrest of judgment because he had previously successfully filed a similar motion in this case. Based on these circumstances, the notice in the written plea agreement substantially complied with the requirement to inform Cramblit of the necessity of filing a motion in arrest of judgment to challenge his guilty plea. *See State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) (noting the substantial compliance standard). We conclude Cramblit is precluded from challenging the factual basis for his guilty plea because he did not file a motion in arrest of judgment. *See State v. Miller*, 590 N.W.2d 724, 725 (Iowa 1999).

### III.  Sentencing

Cramblit claims the court imposed an illegal sentence. He states the court could not sentence him to a determinate term for an aggravated misdemeanor. He claims the maximum penalty for an aggravated misdemeanor is a term of imprisonment not to exceed two years, which is an indeterminate sentence. Cramblit states the court could suspend part of a determinate sentence but could not partially suspend an indeterminate sentence. When a defendant challenges a sentence as being outside the court's statutory authority, we review for errors at law. *See State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987).

"Criminal mischief in the third degree is an aggravated misdemeanor." Iowa Code § 716.5(2). Section 903.1(2) provides:

> When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years. There shall be a fine of at least six hundred twenty-five dollars but not to exceed six thousand two hundred fifty dollars. When a judgment of conviction of an aggravated misdemeanor is entered against any person and

the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term.

In considering section 903.1(2), the Iowa Supreme Court has stated, "Defendant could have been imprisoned for a period not to exceed two years. This includes the possibility of a determinate sentence of not more than one year." *State v. Erickson*, 362 N.W.2d 528, 534 (Iowa 1985); *see also State v. Shield*, 368 N.W.2d 721, 722 (Iowa 1985) (noting a determinate sentence of one year or less was a possible sentence for an aggravated misdemeanor). When the court imposes a determinate sentence, the court may "suspend any part of the sentence, and place the person on probation." *State v. Steuk*, 368 N.W.2d 171, 172 (Iowa 1985). We conclude Cramblit has not shown he received an illegal sentence.

We affirm Cramblit's conviction and sentence for third-degree criminal mischief.

**AFFIRMED.**