# IN THE COURT OF APPEALS OF IOWA

No. 22-0127
Filed November 17, 2022

**LEANN FAYE WERTS,**
        Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PAROLE,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        Leann Faye Werts challenges the Iowa Board of Parole's denying her conditional release based only on the seriousness of her offenses.  **AFFIRMED.**



        Gordon E. Allen, Johnston, for appellant.

        Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee.


        Heard by Bower, C.J., Badding, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BOWER, Chief Judge.**

Leann Faye Werts challenges the Iowa Board of Parole's (Board) denial of her conditional release based only on the seriousness of her twenty-year-old offenses. She contends the Board's reason is contrary to the statutory mandate that release "shall be ordered" when "there is reasonable probability that the person . . . . is able and willing to fulfill the obligations of a law-abiding citizen." Iowa Code § 906.4 (2021). She maintains the Board's denial here was contrary to law, "and given the factual record, simply irrational and illogical."

The Board's decision denying Werts conditional release was within its discretion as provided in section 906.4. We affirm the district court's finding the Board did not prejudice Werts's substantial rights in denying release.

**I. Background Facts and Proceedings.**

Werts was originally sentenced to life in prison without the possibility of parole after a jury found her guilty of first-degree murder for the death of a twenty-one-month-old child who was in her care. Her conviction was overturned on appeal, and a new trial ordered. *See State v. Werts*, 677 N.W.2d 734, 735 (Iowa 2004).

In April 2005, Werts voluntarily entered an *Alford* plea[1] and was adjudged guilty of "multiple acts of child endangerment," in violation of Iowa Code section 726.6A (maximum term of fifty years), and attempted murder, in violation of Iowa Code section 707.11 (maximum twenty-five-year term with a mandatory minimum).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea); *see also State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

To support her pleas, Werts stipulated she twice intentionally struck the child's head against a highchair with unreasonable force and her actions resulted in a serious brain injury to her victim that caused a substantial risk of death. In addition, Werts stipulated that on another date she intentionally pulled the child off the ground by his arm and slammed him to the ground on his buttocks.

The sentencing court determined the fifty-year and twenty-five-year prison terms would run consecutively due to "the nature of the offenses and because to do otherwise would unduly lessen the seriousness of the offenses." Thus, Werts received a seventy-five-year sentence and was not eligible for parole until she had served at least seven-tenths of her attempted-murder sentence. Werts's mandatory-minimum term was completed in March 2020; her tentative discharge date is in September 2046. In anticipation of Werts completing the mandatory portion of her sentence, the Board began annual reviews of her case starting in April 2019.

Werts sought judicial review of the Board's April 21, 2021 and September 9, 2021 final appeal decisions denying her a conditional release. Werts alleges the Board applied an erroneous legal standard or otherwise acted unreasonably or arbitrarily in denying her release based solely upon the seriousness of her criminal offense.

In its judicial review decision, the district court concluded:

Iowa's parole statute requires that [Werts] cannot be released on parole until [the Board] determines—in its sole opinion—that she is able [and] willing to fulfill her obligations as a law-abiding citizen. Iowa Code § 906.4(1). Ultimately, "[t]he parole decision is the exclusive prerogative of the board of parole." *State v. Shield*, 368 N.W.2d 721, 724 (Iowa 1985). Under Iowa's indeterminate sentencing scheme, the "ultimate determination of the length of sentence [Werts] will actually serve within the maximum rests with

the [Board],” not the [department of corrections] or the district court. [*State v.*] *Remmers*, 259 N.W.2d [779,] 783–84 [(Iowa 1977)].

Second, [the Board] could rationally and justifiably find that a person who commits serious crimes such as those committed by [Werts] here must demonstrate that any exhibited rehabilitation is genuine and persists over a longer period of time before it concludes a reasonable probability exists that that perpetrator is willing and able to abide by the law, and therefore the best interests of the public will indeed be served through giving the perpetrator a parole release.

Werts appeals.

## II. Scope and Standard of Review.

The Board's action qualifies as “other agency action” and not a contested case. Iowa Code § 906.3 (“The grant or denial of parole or work release is not a contested case as defined in section 17A.2.”); *Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 389 n.1 (Iowa 1993) (explaining what qualifies as a contested case hearing). Thus, the question is whether the Board “committed an error of law or acted unreasonably, capriciously, or arbitrarily.” *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 831 (Iowa 2002). “In exercising its judicial review power, the district court acts in an appellate capacity.” *Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 669 (Iowa 2005). “We will apply the standards of section 17A.19(10) to determine if we reach the same result as the district court.” *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018).

## III. Discussion.

The parties emphasize different phrases in the relevant statutory provision:

A parole or work release shall be ordered only for the best interest of society and the offender, not as an award of clemency. The board shall release on parole or work release any person whom it has the power to so release, when in its opinion there is reasonable probability that the person can be released without detriment to the community or to the person. A person's release is not a detriment to the community or the person if the person is able and willing to fulfill the obligations of a law-abiding citizen, in the board's determination.

Iowa Code § 906.4(1).

Werts notes the mandatory nature of the language—parole "shall be ordered" and the board "shall release" "when . . . there is a reasonable probability that the person . . . is able and willing to fulfill the obligations of a law abiding citizen." *Id.*; *see* Iowa Code § 4.1(30)(a) ("The word 'shall' imposes a duty.").[2] She emphasizes the Board was in receipt of sixty letters of support from friends, family, and her religious community; recommendations indicating Werts had offers of transportation and employment; and confirmation she had housing and family support upon release. Her history while in prison shows she had completed all available and recommended programming; has been consistently employed and is currently in a position of trust as a peer educator; had only one minor disciplinary matter almost two decades ago; and was being recommended for work release by the Iowa Correctional Institute for Women (ICIW) administrators, the warden, correctional officers, counselors, and staff. Werts asserts these letters and recommendations show she is "able and willing to fulfill the obligations of a law abiding citizen" and, consequently, the Board must authorize her conditional release. She argues the Board's refusal on this record is unreasonable.

---

[2] *Cf. Bomgaars v. State*, 967 N.W.2d 41, 47–48 (Iowa 2021) (noting the mandatory wording of the statute, i.e. "shall release," establishes a "liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment and article 1, section 9 of the Iowa Constitution."); *Belk v. State*, 905 N.W.2d 185, 190 (Iowa 2017) ("From [Supreme Court precedent], a court can conclude if the statute mandates that a parole board must release an inmate if the inmate meets certain statutorily created criteria, then a protected liberty interest in parole exists."). Werts does not raise a constitutional challenge; rather, she argues she has met the statutorily created criteria.

The Board, though, focuses on other language, noting parole and work release are to be ordered "only for the best interest of society and the offender, not as an award of clemency" and "*when in its opinion* there is reasonable probability that the person can be released without detriment to the community or to the person." Iowa Code § 906.4(1). (emphasis added). The Board notes no conditional release may be granted unless at least three members of the Board agree to the release. *See* Iowa Admin. Code r. 205–8.15(2) ("The board shall grant parole or work release to an inmate if at least three members of the board agree that the inmate can be released without detriment to the community or the inmate. If three members do not agree, the board shall deny parole or work release.").

The question presented to us is whether the Board violated Iowa Code section 906.4 or otherwise acted unreasonably in denying Werts a conditional release on the basis stated—DR7, a "shorthand" for "The seriousness of your crime or your criminal history indicates more time is needed before the Board will be convinced a release would be in the best interest of you or society."

"[I]t is for the Board to decide when an inmate 'shall be released.'" *Bomgaars*, 967 N.W.2d at 54; *see* Iowa Code § 906.3 ("The board shall determine which of those persons who have been committed to the custody of the director of the Iowa department of corrections, by reason of their conviction of a public offense, shall be released on parole or work release."); *accord State v. Mohr*, No. 10-0284, 2010 WL 4483991, at *5 (Iowa Ct. App. Nov. 10, 2010) ("Under Iowa's correctional scheme, the parole board is vested with the exclusive authority

to determine the minimum term of a defendant's incarceration.").[3]  Because the Board is delegated the sole authority to release persons on parole, its application of law to fact may be reversed only if found to be "irrational, illogical, or wholly unjustifiable."  Iowa Code § 17A.19(10)(m).

Iowa Administrative Code rule 205–8.10(1) sets out factors the Board "may consider" in deciding whether to grant parole or work release:

> *a.* Previous criminal record;
> *b.* Nature and circumstances of the offense;
> *c.* Recidivism record;
> *d.* Convictions or behavior indicating a propensity for violence;
> *e.* Participation in institutional programs, including academic and vocational training;
> *f.* Psychiatric and psychological evaluations;
> *g.* Length of time served;
> *h.* Evidence of serious or habitual institutional misconduct;
> *i.* Success or failure while on probation;
> *j.* Prior parole or work release history;
> *k.* Prior refusal to accept parole or work release;
> *l.* History of drug or alcohol use;
> *m.* A parole plan formulated by the inmate;
> *n.* General attitude and behavior while incarcerated;
> *o.* Risk assessment.

The factors listed are permissive factors—they *may* be considered.  We agree with the district court's observation, "Iowa law does not dictate how [the Board] is to give weight to the various statutory factors when making parole decisions, nor does it mandate that all factors must be given equal consideration."  And, it remains for the Board to determine if "in its opinion there is reasonable probability that the person can be released without detriment to the community or to the person."  Iowa Code § 906.4(1).

---

[3] Werts asserts *Fortune v. State*, 957 N.W.2d 696 (Iowa 2021), and *Becher v. State*, 957 N.W.2d 710 (Iowa 2021), are instructive in our analysis.  However, those cases deal with modification of sex offender registration requirements, and the criteria discussed are not applicable here.

Werts contends the basis stated by the Board—"seriousness of your crime"—is not a listed factor. Moreover, she asserts the Board ignored other, more relevant factors such as her lack of prior criminal record, her participation in institutional programming, her nearly twenty years of being a "model" prisoner, and her available housing and employment upon release.

But rule 8.10 is not an exclusive list of factors; the rule states "the following factors *and others deemed relevant* to the parole and work release decisions." In any event, we find the "[n]ature and circumstances of the offense" is analogous to the "seriousness" of a crime. *See Johnson v. Iowa Bd. of Parole*, No. 02-1320, 2003 WL 1970475, at *2 (Iowa Ct. App. Apr. 30, 2003) (finding the denial of parole was reasonable and proper where Board concluded "[b]ased on the seriousness of [his] offense," the inmate "could not be released without detriment to society").

The district court discussed *Burnside v. White*, which interpreted a very similar parole statute as Iowa's.[4] 760 F.2d 217, 221–22 (8th Cir. 1985). In *Burnside*, the Eighth Circuit Court of Appeals found the Missouri parole board could consider the seriousness of the inmate's offense as the sole justification for denying parole. *Id.* (concluding "the Board acts within its discretion in determining that the release of an offender convicted of a serious crime may be a detriment to the community"); *see also Maggard v. Wyrick,* 800 F.2d 195, 197 (8th Cir. 1986)

---

[4] The Missouri parole statute in question then stated: "When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the [parole] board shall release on parole any person confined in any correctional institution administered by state authorities." *See* Mo. Ann. Stat. § 549.261(1) (1969–repealed 1982). It also provided: "A parole shall be ordered only for the best interest of society, not as an award of clemency . . . . A prisoner shall be placed on parole only when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen." *Id.* § 549.261(3).

("It is well-established that the Board may determine that the serious nature of the inmate's offense requires that a longer term be served before parole release.").[5] Other courts have concluded the seriousness of an offense is a proper factor for the parole board to consider.[6] Federal parole guidelines for adult prisoners use two factors: offense severity and offender characteristics. *See* 18 U.S.C. § 4206 (sunsetting Oct. 31, 2022)[7]; 28 C.F.R. § 2.20(b); Neal P. Cohen, *The Law of Probation and Parole* §§ 5:4–:5 Westlaw (database updated Sept. 2021).

---

[5] In *Maggard*, 800 F.2d at 198, the court noted the Missouri legislature amended the parole release statute and replaced the mandatory "shall" with the permissive "may in its discretion" after the Eighth Circuit court concluded "shall" order parole "provided an expectancy of release which was entitled to some measure of constitutional protection."

[6] *See Brennan v. Bd. of Parole*, 512 S.W.3d 871, 875 (Tenn. 2017) ("The Board based its denial of parole on Tennessee Code Annotated section 40-35-503(b)(2) [(2013)], which provides for denial if the Board finds that 'release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law.' *See also* Tenn. Bd. Parole R. 1100-01-01-07(4). Courts have repeatedly upheld Board decisions denying parole for this reason."); *id.* at 876 n.5 (noting factors board is to consider includes "nature of the crime and its severity"); *State ex rel. Jardine v. Nagle*, No. 2014AP1347, 2015 WL 1186133, at *1 (Wis. Ct. App. Mar. 17, 2015) ("However, the difference between 'sufficient time for punishment' and 'sufficient time so that release would not depreciate the seriousness of the offense' is semantic. Both standards require the Commission to consider the nature of the offenses committed and whether the length of time served under the circumstances demonstrates a sufficiently weighty consequence for the particular offenses."); *Kaczynski v. Mo. Bd. of Prob. & Parole*, 349 S.W.3d 354, 360 (Mo. Ct. App. 2011) (noting it is "settled Missouri law that it is appropriate for the Board to consider the seriousness of the offense in determining whether a prisoner will be released for parole" and citing numerous cases).

[7] The federal statute provides:

(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section,

Under Iowa Code section 906.4, the Board, using its discretion, may release on parole or work release an offender whose release will not be to the detriment of the community. In this case the Board denied Werts's release due to the severity of her crimes. As the district court observed:

> The seriousness of [Werts's] crimes of conviction cannot be understated. Upon her voluntary entry of an *Alford* plea, she was adjudged guilty of engaging in multiple acts of child endangerment resulting in a serious injury to a [twenty-one]-month-old boy in her care and that she purposively set in motion a chain of events through which she intended to cause the death of that child. [She] stipulated that she intentionally struck the victim's head against a highchair with unreasonable force. The sentencing judge found [Werts's] conduct sufficiently serious to order that her fifty year and twenty-five year prison terms run consecutively.

At this point Werts has been incarcerated for less than one-third of the seventy-five-year sentence. It is not unreasonable to conclude granting early release to persons convicted of serious crimes can have a detrimental impact upon the safety of the community by undermining the deterrent effect intended through the imposition of lengthy prison terms for such crimes. *See Burnside*, 760 F.2d at 221–22. The Board's decision denying Werts conditional release was reasonable and within its discretion as provided in section 906.4 and, therefore, we affirm the district court's finding the Board did not prejudice Werts's substantial rights in denying release.

**AFFIRMED.**

---

and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

18 U.S.C. § 4206.