# IN THE COURT OF APPEALS OF IOWA

No. 14-0363
Filed November 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM FRANK FETNER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

William Fetner appeals from a sentencing order requiring him to remain in jail pending placement at a residential facility. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, and Carlyle D. Dalen, County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

In December 2013, William Fetner was charged by trial information with three counts: (I) third or subsequent offense of possession of marijuana, (II) possession of a prescription drug or device without a prescription, and (III) driving while barred as a habitual offender. This case was assigned criminal number AGCR022663. While that matter was pending, Fetner was charged by a second trial information with two counts stemming from a new matter: (I) possession with the intent to deliver marijuana, and (II) third or subsequent offense of possession of a schedule IV controlled substance. This case was assigned criminal number FECR022764.

Fetner entered a written plea of guilty to the marijuana possession and driving while barred charges in AGCR022663. As a part of the plea agreement, the possession of a prescription drug or device without a prescription charge was to be dismissed. In FECR022764, Fetner entered a written plea of guilty to the possession-with-intent-to-deliver-marijuana charge. The possession-of-a-schedule-IV-substance charge was to be dismissed as a part of the plea agreement.

A joint sentencing hearing on the two cases was held. In AGCR22663, the court imposed a two-year prison sentence for third-offense possession of marijuana, suspended the sentence, and ordered that Fetner be placed at the Beje Clark Residential Center. The judgment and sentencing order provided Fetner "shall remain in jail pending placement at residential facility." On the driving-while-barred charge, the court ordered Fetner to serve thirty days in jail with credit for time served. The possession-of-a-prescription drug-or-device-

without-a-prescription charge was dismissed. In FECR022764, the court imposed a five-year prison sentence, suspended the sentence, and placed Fetner on probation for two years. The court also entered a separate order regarding placement that stated Fetner "shall remain in jail pending placement at residential facility." The possession-of-a-schedule-IV-substance charge was dismissed.

Fetner now appeals. He contends the separate order entered in FECR02264 requiring him to remain in jail pending placement at the residential facility lacks a maximum time limit for incarceration and therefore is "too vague to be valid and constitutes an abuse of discretion."[1] We review a challenge to the legality of the court's sentence for errors at law. *See State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). Challenges to the district court's sentence are reviewed for an abuse of discretion. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

A similar claim was considered and rejected by our supreme court in *State v. Davis*, 544 N.W.2d 453, 455 (Iowa 1996). In that case, the district court sentenced Davis to five years of imprisonment, suspended the sentence, and placed him on probation for two years. *See id.* As a condition of his probation,

---

[1] It matters not that the order was separate from the judgment and sentencing order. It is clear from the sentencing-hearing record that it was the court's intention to order Fetner to remain in jail until he could be placed at the residential facility. At the hearing, the court stated: "I will order that you remain in custody pending placement." Furthermore, the judgment and sentencing order in AGCR022663, which Fetner does not appear to challenge on appeal, was entered the same day as the judgment and sentencing order in the companion case of FECR02264, and provided Fetner "shall remain in custody pending placement in the residential facility." This provision was inexplicably left out of the FECR02264 judgment and sentencing order. The separate order was filed the same time as the judgment and sentencing order and merely added the language that was obviously originally intended.

Davis was ordered to receive inpatient-substance-abuse treatment. *See id.* The district court then ordered Davis to be held in the county jail, where he was already in custody, until space became available for him at the treatment facility. *See id.*

On appeal, Davis contended the district court lacked the authority to impose jail time as a condition of his probation, and the supreme court rejected Davis's argument. *See id.* at 455-57. The court concluded the district court did not illegally sentence Davis to jail as a condition of probation, and it held the district court had the authority to temporarily confine Davis in the county jail until space for him became available at the treatment facility. *Id.* at 457. Based on the *Davis* decision, the district court had the authority to temporarily confine Fetner in the county jail until space for him became available at the residential facility. *See id.*

Fetner attacks the open-endedness of the order, asserting he was sentenced to an undetermined-jail sentence without any further scheduled review and without a maximum duration as part of his probation sentence. The order in question provided that Fetner "shall remain in custody pending placement in the residential facility." In *Davis*, a similarly open-ended order was approved. *Id.* at 457. There, the order provided that Davis "be held in the Cerro Gordo county jail until space became available for him at the Prairie Ridge facility." *Id.* at 455. Also, the record here indicates placement at the residential facility usually

occurred within "about two weeks."[2] Similarly, the record in *Davis* showed Davis was scheduled to enter the treatment program one week after the sentencing hearing. *Id.* at 455.

Fetner argues that "ordering him to remain in jail indefinitely and without setting the matter for review could result in him 'falling through the cracks.'" There is nothing in the record to indicate Fetner's prediction of "falling through the cracks" has come true. We agree with the State that Fetner's concerns are premature and not ripe for adjudication. "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Wade*, 757 N.W.2d 618, 627 (Iowa 2008); *see also State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010); *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000). Because the concerns expressed by Fetner have not come to pass, we find his challenge is not ripe.

At the sentencing hearing, the district court stated: "I will order that you remain in custody pending placement. My concern is that substance abuse usage. We need to get that addressed before you are out and about." Fetner's presentence investigation report evidences a poor track record, listing numerous drug-possession, alcohol-related, theft, and harassment offenses. Faced with similar circumstances, the *Davis* court stated:

> Given [Davis's] track record, the odds were good that he might commit more crime if he were allowed to roam the streets one week before inpatient treatment began. The trial judge realized that and did what any reasonable judge in similar circumstances

---

[2] At the hearing the district court stated it was the court's "hope . . . that usually the placement at [the residential facility is . . . only about two weeks, but sometimes a little longer. Usually it's not a long period of time."

would do: keep the defendant confined until inpatient treatment could begin.

*Davis*, 544 N.W.2d at 457. The district court did not abuse its discretion in ordering Fetner to remain in jail pending placement in the residential facility.

We conclude the district court did not illegally sentence Fetner. The court merely ordered Fetner held in the county jail until he could be transferred to the residential facility to begin fulfilling his first probationary condition. The district court had authority to enter such an order. Furthermore, the district court did not abuse its discretion in entering such an order. We therefore affirm the district court's judgments of conviction and sentences.

**AFFIRMED.**