**IN THE COURT OF APPEALS OF IOWA**

No. 14-0594
Filed December 24, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RALPH COTTRELL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Des Moines County, John G. Linn

(guilty plea) and Mary Ann Brown (sentencing), Judges.


    A defendant appeals asserting his sentence is illegal.  **SENTENCE**

**VACATED AND REMANDED FOR CORRECTION OF SENTENCE.**


    William Monroe of Law Office of William Monroe, Burlington, for appellant.

    Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, Amy Beavers, County Attorney, and Justin Stonebrook and Tyron

Rogers, Assistant County Attorneys, for appellee.


    Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Ralph Cottrell appeals the sentence imposed following his guilty plea to third-offense possession of methamphetamine, in violation of Iowa Code section 124.401(5) (2013). Cottrell received a five-year suspended sentence, was fined $750, and was placed on probation for five years. As a condition of his probation, the court ordered Cottrell to reside at a residential facility for one year or until maximum benefits are achieved. Until bed space became available at the residential facility, the court ordered Cottrell placed in the custody of the county sheriff. Cottrell challenges the court's authority to confine him in the county jail pending a bed becoming available in the residential facility.

Cottrell relies on Iowa Code section 907.8 to support his position that the court did not have the authority to temporarily confine him to jail pending bed availability at the residential facility. Section 907.8 provides in part:

> If the defendant is confined in the county jail at the time of sentence, the court may order the defendant held until arrangements are made by the judicial district department of correctional services for the defendant's employment and the defendant has signed the necessary probation papers. If the defendant is not confined in the county jail at the time of sentence, the court may order the defendant to remain in the county wherein the defendant has been convicted and sentenced and report to the sheriff as to the defendant's whereabouts.

Because he was not confined to jail at the time of his sentencing, he was out of jail on bond, Cottrell claims the court was only authorized to order him to remain in Des Moines County, where he had been convicted and sentenced, and to report to the sheriff where he was staying pending space becoming available in the residential facility. He also cites to the case of *State v. Davis*, 544 N.W.2d 453, 457 (Iowa 1996), in support of his claim.

In *Davis*, the supreme court ruled the district court was authorized by section 907.8 to temporarily confine a defendant to jail after he had been placed on probation pending space becoming available at a residential treatment facility. 544 N.W.2d at 456. Cottrell notes that the defendant in *Davis* was confined to jail at the time of sentencing, *id.* at 454, whereas he was out on bond when he was sentenced. Cottrell asserts this critical distinction makes the temporary jail custody in *Davis* authorized and his temporary jail custody unauthorized. Cottrell claims the *Davis* case falls under the first sentence quoted above from Iowa Code section 907.8—"*If the defendant is confined in the county jail at the time of sentence*, the court may order the defendant held until arrangements are made . . . ." (Emphasis added.) In contrast, Cottrell asserts his case falls under the second sentence quoted above from section 907.8—"*If the defendant is not confined in the county jail at the time of sentence*, the court may order the defendant to remain in the county . . . ." (Emphasis added.)

We review the legality of a sentence for correction of errors at law, and we can correct an illegal sentence at any time.[1] *Davis*, 544 N.W.2d at 455. A claim a sentence is illegal "includes claims that the court lacked the power to impose

---

[1] Both parties acknowledge that this issue is moot with respect to Cottrell because he has already been released from jail and placed into a residential facility. *See State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) ("[A]n action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."). However, both parties also agree that the exception to the mootness doctrine should apply here because this is a matter of public importance that will likely reoccur and yet evade appellate review. *See In re Guardianship of Kennedy*, 845 N.W.2d 707, 711 (Iowa 2014) (listing the factors the court considers in determining whether to review a moot action as including: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review"). We agree the exception to the mootness doctrine should apply in this case.

the sentence or that the sentence itself is somehow inherently flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009).

We agree with Cottrell's interpretation of section 907.8. Where a defendant is not confined to jail at the time of sentencing and is placed on probation as a result of sentencing, the court may not confine that person to jail pending arrangements being made for his housing or employment. Instead, the court is only permitted to order him to remain in the same county and report his whereabouts to the county sheriff. The legislature made a clear distinction in section 907.8 for those defendants "confined in the county jail at the time of sentencing" and those defendants "not confined in the county jail at the time of sentencing."[2] To interpret section 907.8 to give the court in this case authority to confine Cottrell to jail pending space becoming available would be to render the language used in the final two sentences of this statute superfluous.

In this case, Cottrell had an extensive criminal history and a history of substance abuse problems. He told the presentence investigator he was not willing to undergo more treatment. He was in the community on probation when he was arrested for the current offense. The presentence investigation report noted Cottrell was unemployed and homeless. At sentencing, Cottrell asserted he could live with his new girlfriend, who had just been released from a

---

[2] While we think it is important for judges to have authority to confine a defendant to jail, temporarily, following sentencing until arrangements can be made for probation, the legislature made it clear that such authority is not granted where the defendant is not in jail at the time of sentencing. The authority is particularly critical where the facts of the case suggest the defendant might commit more crime in the community if he were allowed to roam the streets or if it appears he may abscond from the jurisdiction before space becomes available at residential facilities. *See Davis*, 544 N.W.2d at 456–57.

residential facility herself. The district court noted that probation officers do not allow offenders to live together while both are on probation, making his girlfriend's house unsuitable. The court considered the residential facility very important for Cottrell to give him a stable, safe place to live and receive substance abuse treatment, while protecting the community from future offenses. However, Cottrell had posted bail and was not in custody at the time of sentencing, and therefore, section 907.8 did not give the judge authority to confine Cottrell pending space becoming available at the residential facility.

Because the court did not have the statutory authority to temporarily confine Cottrell to the county jail until space became available at the residential facility, the sentence was illegal and must be vacated. We remand the case to the district court to correct Cottrell's sentence by striking the requirement he be confined in the county jail pending a bed becoming available in the residential facility.

**SENTENCE VACATED AND REMANDED FOR CORRECTION OF SENTENCE.**