# IN THE COURT OF APPEALS OF IOWA

No. 18-0645
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAYSHON T.P. RUSHING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Heather L. Lauber (probation revocation) and Robert B. Hanson (plea and sentencing), Judges.

A defendant appeals his conviction for being a felon in possession of a firearm. **AFFIRMED.**

Seth Harrington of Harrington Law LC, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Rayshon Rushing appeals his conviction for being a felon in possession of a firearm. Rushing claims the district court did not have the authority to place him at a residential facility when deferring judgment or to revoke his probation for rule violations. He also claims the court erred in ordering him to pay the law-enforcement-initiative surcharge. We find the court had the authority to place Rushing in the residential facility as a condition of probation and to revoke his probation. We find the surcharge, although not applicable, was not assessed against Rushing, making his claim without merit. We affirm.

I.      **Background Facts & Proceedings**

In December 2016, Rushing was charged with criminal gang participation and being a felon in possession of a firearm. On March 10, 2017, Rushing pleaded guilty to being a felon in possession of a firearm, in violation of Iowa Code section 724.26 (2016), and the State dismissed the gang-participation charge. The State and the presentence investigation report preparer recommended imprisonment. At the sentencing hearing in April, Rushing requested a deferred judgment. The court deferred judgment and placed Rushing on probation under the supervision of the department of correctional services (DCS). Rushing was ordered to reside at a residential facility as a condition of probation. The court also ordered Rushing to pay restitution and submit a DNA sample, and assessed a law-enforcement-initiative surcharge, if applicable.

That summer, Rushing violated facility rules and incurred other probation violations. Rushing's probation was continued following a revocation hearing in September. Rushing then incurred additional violations, stipulated to the

violations, and agreed to the revocation of his probation and deferred judgment. In March 2018, the court revoked Rushing's deferred judgment, adjudicated him guilty of being a felon in possession of a firearm, and sentenced him to prison.

Rushing appeals, claiming the court did not have the authority to order him to a residential facility when he had not been convicted and the court erred in ordering Rushing to pay the law-enforcement-initiative surcharge.[1]

## II.    Standard of Review

Rushing challenges the legality of a condition of his probation. Our review of a defendant's sentence is for correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "We may correct an illegal sentence at any time." *State v. Davis*, 544 N.W.2d 453, 455 (Iowa 1996). "When a defendant challenges the terms of probation, '[i]t has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'" *Valin*, 724 N.W.2d at 444 (citation omitted).

## III.    Analysis

The State argues Rushing waived any error when he stipulated to the violation of his probation and failed to challenge the district court's authority at the time of the revocation hearing. However, Rushing's claim relates to the authority of the court to impose the condition the violation of which resulted in the probation revocation, not the court's general authority to revoke probation. A claim that a

---

[1] The Iowa legislature amended Iowa Code sections 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. 2019 Iowa Acts ch. 140, §§ 28, 31 (to be codified at Iowa Code §§ 814.6-.7). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case. *State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

sentence or condition of probation is outside statutory bounds goes to the authority of the court to impose the sentence or condition and is a claim the sentence is illegal, which can be corrected at any time. *State v. Lathrop*, 781 N.W.2d 288, 294 (Iowa 2010).

**A.      Residential facility.**  Rushing claims the court deprived him of his liberty by ordering him to a residential facility without a conviction.  He further reasons that if his placement at the facility was an illegal sentence, any probation violations based on facility rules should not have been counted toward revocation of his probation and deferred judgment.  Because the facility violations should not have affected his probation, Rushing states the revocation of his probation and deferred judgment was outside the court's authority.

Rushing makes only a categorical challenge to the residential facility probation condition.  Rushing interprets Iowa Code section 907.3(1) to say the court does not have the authority to order a defendant into a residential treatment facility when it defers judgment.  We disagree.

Iowa Code section 907.3(1)(a) provides: "With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require."  The term "conviction" has two definitions under case law—the establishment of guilt prior to and independent of judgment, or the consummation of the prosecution including judgment and sentence. *State v. Tong*, 805 N.W.2d 599, 601 (Iowa 2011).  When the purpose of the statute is to protect the community, a deferred judgment is treated as a conviction. *Id.* at 602.

The purpose of probation is "to provide maximum opportunity for the rehabilitation of the defendant and to protect the community from further offenses,"

and the court has the authority to impose conditions it deems necessary and within the statutory parameters to achieve those purposes when deferring judgment. *See* Iowa Code §§ 907.3, .7. The conditions of probation include the general conditions established by the department of corrections and "any additional reasonable conditions which the court or district department may impose to promote rehabilitation of the defendant or protection of the community." *Id.* § 907.6. Courts have broad authority in establishing probation conditions as long as they are not unreasonable, arbitrary, vindictive, vague or overbroad, unreasonable, or not reasonably related to future criminality. *State v. Hall*, 740 N.W.2d 200, 203–04 (Iowa Ct. App. 2007). "A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner and is justified by the defendant's circumstances." *Valin*, 724 N.W.2d at 446 (citation omitted). The reasonableness of a condition is evaluated by whether it is related to the relevant crime and whether it reasonably addresses a statutory goal of probation. *Id.* at 446–47.

When granting probation, the court orders the defendant into the custody, care, and supervision of either a resident of the state or the judicial district's DCS. Iowa Code § 907.8(2). The DCS is to place a defendant on probation under section 907.3 "to the sanction and level of supervision which is appropriate to the individual based upon a current risk assessment evaluation." *Id.* § 901B.4(a).[2]

The sanctions and level of supervision imposed in Rushing's case were appropriate and reasonably related to Rushing's rehabilitation and protection of

---

[2] Rushing's placement falls within the levels of supervision permitted under the statute.

the community. The court had the authority to impose reasonable conditions on Rushing's probation and did not impose an illegal sentence.

We note Rushing has not provided an as-applied explanation of why the condition imposed by the court was not reasonable to promote his rehabilitation or protect the community. During sentencing, the court specifically noted it considered a structured setting necessary for Rushing's rehabilitation and to protect the community from further offenses by him. The presentence investigator assessed Rushing using risk-assessment evaluations and stated Rushing met the criteria for residential facility placement. The condition imposed—placement in a residential facility—was reasonable, was not arbitrary, and fell within the permitted range of probation conditions. We find the court's placement of Rushing in a residential facility based on the DCS's recommendations and risk assessments is within the range of sanction and supervision appropriate to Rushing at the time of the sentencing hearing and was meant to facilitate his rehabilitation. We find no abuse of the court's discretion.

Because the placement in the residential facility was a valid probation condition, the court's revocation based on Rushing's rule violations and absence from the facility was not in error. We affirm.

**B. Surcharge.** Rushing asserts the court erred in ordering him to pay the law enforcement initiative surcharge under Iowa Code section 911.3. The State concedes the law enforcement surcharge does not apply to his conviction.[3] The

---

[3] Iowa Code section 911.3 specifies on which criminal violations the surcharge can be assessed—Rushing's conviction for being a felon in possession of a firearm is not included in the list; the surcharge therefore should not have been applied.

State claims the challenge is moot because the most recent judgment revoking probation did not include the surcharge and the clerk has not imposed the surcharge.

The surcharge was not mentioned in the plea hearing. The State requested the surcharge at the sentencing hearing, but the court did not specify the surcharge should be applied, instead applying "applicable surcharges." The initial sentencing order applied the surcharge "to each applicable offense." At the probation revocation, the State informed the court the surcharge did not apply. The order revoking Rushing's deferred judgment simply says Rushing is to pay a fine, surcharge, and court costs—it does not specify the law enforcement initiative surcharge.

The record, including the case's financial summary, does not show the surcharge was applied to Rushing. Although the court ordered the surcharge on any applicable offense, the clerk's office properly determined Rushing's charge was not an applicable offense and did not apply the surcharge. We find the surcharge portion of Rushing's claims is without merit.

**AFFIRMED.**