# IN THE COURT OF APPEALS OF IOWA

No. 22-1325
Filed June 7, 2023

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**SHOL JOSEPH MABENG,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

　　　Shol Joseph Mabeng appeals, asserting the district court lacked authority to order him to remain in jail pending an opening in a residential correctional facility. **APPEAL DISMISSED.**

　　　Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

　　　Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

　　　Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Shol Joseph Mabeng appeals, asserting the district court lacked authority to order him to remain in jail pending an opening in a community-based residential facility. The State argues the appeal is moot because Mabeng is no longer in jail. We dismiss the appeal.

In February 2021, Mabeng pleaded guilty to first-degree theft and possession of marijuana. The court deferred judgment and placed him on probation for two years. In October, it was alleged Mabeng violated the terms of his probation. Mabeng later stipulated to having violated the terms of his probation and received a thirty-day contempt sentence; his probation was continued.

Other reports of probation violations were filed in April and July 2022, and Mabeng incurred a new eluding charge. At an August 5 hearing, Mabeng admitted the probation violations and pleaded guilty to the new charge of eluding. The parties filed a stipulation, which defense counsel explained as including a joint recommendation that Mabeng serve two days in jail on a possession of marijuana charge with credit for time served.[1] With regard to the deferred judgment for theft:

> [T]here is a general agreement from the parties. As the court knows, we're going to ask for a slightly different disposition regarding part of this. But other than—the defendant's deferred judgment would be revoked. He would have a ten-year prison sentence. That would be suspended.
> He would be continued on the probation he's currently on. Along with that he would have to complete a substance abuse evaluation, mental health evaluation, complete the Fort Des Moines or, as we are going to request, another halfway or three-quarters house, just complete that placement. It would be the minimum fine, surcharge. And then the only other piece we would be arguing is whether Mr. Mabeng would have to remain in or out of custody pending any further placement.

---

[1] This appeal does not challenge that sentence.

The parties agreed the court was not bound to follow the joint recommendation.

The parties acknowledged that a bed at the Fort Des Moines residential facility was not currently available and would not likely be available for three to six months. Mabeng requested he be released with GPS monitoring pending placement at either Fort Des Moines or another residential facility. The State requested Mabeng remain in jail until a bed became available at Fort Des Moines because of his prior probation violations and the new eluding charge.

The court imposed the jointly recommended sentence, suspended the ten-year term, and placed Mabeng on probation subject to the agreed-upon conditions for a period of three years. The district court ordered Mabeng "remain in jail until space is available at the assigned facility." Mabeng appeals, asserting the court was without authority to order he remain in jail pending facility availability.[2]

---

[2] The cases the defense cites in support of this proposition are based upon instances in which the defendant was not confined to jail at the time of his sentencing. *See State v. Cottrell*, No. 14-0594, 2014 WL 7343448, at *2 (Iowa Ct. App. Dec. 24, 2014) ("Where a defendant is not confined to jail at the time of sentencing and is placed on probation as a result of sentencing, the court may not confine that person to jail pending arrangements being made for his housing or employment. Instead, the court is only permitted to order him to remain in the same county and report his whereabouts to the county sheriff."); *accord State v. Lame*, No. 15-1666, 2016 WL 1703018, at *1 (Iowa Ct. App. Apr. 27, 2016) (noting State conceded illegal sentence per *Cottrell*). *But see State v. Davis*, 544 N.W.2d 453, 456 (Iowa 1996) ("Both section 901.7 (governing incarceration) and section 907.8 (governing probation) authorize the district court to provide for temporary custody before transfer to the custody of the entity or person responsible for a defendant's custody, care, and supervision. As we said, we have interpreted broadly the temporary custody provision in section 901.7. We likewise interpret broadly the temporary custody provision in section 907.8."); *State v. Fetner*, No. 14-0363, 2014 WL 5862141, at *1–2 (Iowa Ct. App. Nov. 13, 2014) (affirming court's authority to require defendant to remain in jail pending placement at the residential facility per *Davis*).

"We begin with the threshold question of mootness." *Vasquez v Iowa Dep't of Hum. Servs.*, ___ N.W.2d ___, ___, 2023 WL 3397460, at *4 (Iowa 2023) (noting "[c]ourts exist to decide cases, not academic questions of law" and "a court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter" (internal citations omitted)). "[C]ourts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). "The key in assessing whether an appeal is moot is determining whether the opinion would be of force or effect in the underlying controversy." *State v. Avalos Valdez*, 934 N.W.2d 585, 589 (Iowa 2019) (citation omitted).

Mabeng acknowledges he has been transferred from jail to placement at the Fort Des Moines Residential Facility. But he claims

> the issue raised is not wholly academic to Mabeng, as it would impact any jail fee obligations ($50 a day) tied to the statutorily unauthorized requirement that he be held in jail for the days between the August 5, 2022 sentencing and the November 29, 2022 date that a bed became available at the residential facility.

The State argues there is no indication in this record Mabeng has been ordered to pay jail fees.[3]

> "[J]usticiability doctrines define the judicial role; they determine when it is appropriate for the . . . courts to review a matter and when it is necessary to defer to the other branches of government." Erwin Chemerinsky, *Constitutional Law: Principles and Policies* 49 (4th ed. 2011). "The constitutional requirement of ripeness is basically a manifestation of the rule that courts should not address hypothetical questions." 3 Chester James Antieau & William J. Rich, *Modern Constitutional Law* § 48.30, at 610 (2d ed. 1997). "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or

---

[3] The State also notes the sheriff would need to file a separate action under Iowa Code section 356.7(4), at which time Mabeng could raise the issue.

speculative." *State v. Wade*, 757 N.W.2d 618, 627 (Iowa 2008) [(citation omitted)].

*Taft v. Iowa Dist. Ct.*, 879 N.W.2d 634, 638 (Iowa 2016) (first two alterations in original). Because the issue of confinement is moot and there is no "actual, present controversy" as to fees, we dismiss the appeal.

**APPEAL DISMISSED.**